Patrick M. Howe (SBN 154669)
*pat@patrickhowelaw.com*
PATRICK HOWE LAW, APC
402 W. Broadway, Ste. 1025
San Diego, CA 92101
(619) 398-3422 Phone
(619) 452-2507 Fax

Attorney for plaintiff
United Financial Casualty Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United Financial Casualty Company,<br><br>Plaintiff,<br><br>v.<br><br>DLJMK Inc., Bin Liu, and Min Wang,<br><br>Defendants. | Case No.  2:22-cv-6258<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff United Financial Casualty Company ("UFCC") alleges as follows:

## JURISDICTION

1. Jurisdiction exists under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391 because, for venue purposes, each defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this judicial district.

## PARTIES

3. UFCC is a corporation incorporated under the laws of Ohio. Its principal place of business is in Ohio.

4. Defendant DLJMK Inc. is a corporation incorporated under the laws of California. Its principal place of business is in El Monte, California.

5. Defendant Bin Liu is a natural person. He is a citizen of California. He resides in California.

6. Defendant Min Wang is a natural person. He is a citizen of California. He resides in California.

## GENERAL ALLEGATIONS

7. UFCC is an insurance company. On May 2, 2022, UFCC insured DLJMK Inc. under commercial auto insurance policy no. 03916586-0 (the "UFCC policy").

8. At the time, DLJMK Inc. was a motor carrier engaged in interstate trucking activities and registered with the Federal Motor Carrier Safety Administration under Department of Transportation

DOT no. 1739789. The UFCC policy was issued to meet the needs of this type of business.

9. Under Part I – Liability to Others, the UFCC policy contained the following insuring agreement:

> **INSURING AGREEMENT - LIABILITY TO OTHERS**
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.
>
> **We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

10. The UFCC policy, under Part I – Liability to Others, contained the following exclusions:

> Coverage under this Part I, including **our** duty to defend, does not apply to:
>
> …
>
> 3. **Worker's Compensation**
>    Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

...

5. **Employee Indemnification and Employer's Liability**
   **Bodily injury** to:
   a. An **employee** of any **insured** arising out of or within the course of:
      (i) That **employee's** employment by any **insured**; or
      (ii) Performing duties related to the conduct of any **insured's** business; or
   b. The spouse, child, parent, brother or sister of that **employee** as a consequence of Paragraph a. above.

   This exclusion applies:
   a. Whether the **insured** may be liable as an employer or in any other capacity; and
   b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

...

6. **Fellow Employee**
   **Bodily injury** to:
   a. a fellow **employee** of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.
   b. the spouse, child, parent, brother, or sister of that fellow **employee** as a consequence of Paragraph a. above.

...

11. The UFCC policy contains the following definition of "employee" as used in the policy:

    5. "**Employee**" includes a ... statutory employee. ...

12. The UFCC policy was endorsed with an MCS-90 endorsement in compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration. The endorsement stated:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMSCA).
>
> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. …

13. On May 5, 2022, Bin Liu and Min Wang, as a tandem team of drivers, were operating a tractor-trailer combo owned, leased, rented, and/or operated by DLJMK Inc. on an interstate drive to deliver cargo. DLJMK Inc. hired Bin Liu and Min Wang to operate the tractor-trailer combo. The trip began in Texas. The tandem drivers

were driving the tractor-trailer combo to California. While operating the tractor-trailer combo in Texas, the tandem team was involved in an accident. Min Wang claims he sustained injuries as a result of the accident.

14. Min Wan, through an attorney, has notified UFCC that he is making a liability claim against DLJMK Inc. and Bin Liu.

15. Under 49 C.F.R. 390.5, Bin Liu and Min Wang were employees of DLJMK Inc. at the time of the accident, even if the two drivers and DLJMK Inc. agreed each driver was an independent contractor. The regulation states:

> Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. …

### FIRST CAUSE OF ACTION
*(Declaratory Relief on Duty to Indemnify – Against all Defendants)*

16. UFCC incorporates the allegations in paragraphs 1–15 as though fully set forth within this first cause of action.

17. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the UFCC policy to indemnify DLJMK Inc. or Bin Liu against claims arising out of the May 2, 2022 accident, because the UFCC policy excludes coverage for employee and fellow employee injuries and Bin Liu and Min Wang were employees of DLJMK Inc. On the

other hand, UFCC is informed and believes and thereon alleges that each defendant contends that UFCC does have such an obligation.

18.  A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to indemnify DLJMK Inc. or Bin Liu against claims arising out of the May 2, 2022 accident.

## SECOND CAUSE OF ACTION

*(Declaratory Relief on Duty to Defend – Against all Defendants)*

19.  UFCC incorporates the allegations in paragraphs 1–15 as though fully set forth within this second cause of action.

20.   An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the UFCC policy to defend DLJMK Inc. or Bin Liu against claims arising out of the May 2, 2022 accident, because the UFCC policy excludes coverage for employee and fellow employee injuries and Bin Liu and Min Wang were employees of DLJMK Inc. On the other hand, UFCC is informed and believes and thereon alleges that each defendant contends that UFCC does have such an obligation.

21.  A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to defend DLJMK Inc. or Bin Liu against claims arising out of the May 2, 2022 accident.

# THIRD CAUSE OF ACTION

*(Declaratory Relief on Duty to Pay for Legal Liability under MCS-90 Endorsement – Against all Defendants)*

22. UFCC incorporates the allegations in paragraphs 1–15 as though fully set forth within this third cause of action.

23. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the MCS-90 endorsement to the UFCC policy to pay for claims arising out of the May 2, 2022 accident, because the endorsement does not apply to employee and fellow employee injuries and Bin Liu and Min Wang were employees of DLJMK Inc. On the other hand, each defendant contends that UFCC does have such an obligation.

24. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the MCS-90 endorsement to the UFCC policy, specifically, for a declaration that UFCC has no obligation under the endorsement to pay for claims arising out of the May 2, 2022 accident.

# PRAYER

Wherefore, UFCC prays for judgment as follows:

1. For a judicial declaration that UFCC has no obligation under the UFCC policy to indemnify DLJMK Inc. or Bin Liu against claims arising out of the May 2, 2022 accident;

2. For a judicial declaration that UFCC has no obligation under the UFCC policy to defend DLJMK Inc. or Bin Liu against claims arising out of the May 2, 2022 accident;

3. For a judicial declaration that UFCC has no obligation under the MCS-90 endorsement to the UFCC policy to pay for any claims arising out of the May 2, 2022 accident;

4. For costs of suit incurred herein; and

5. For such further relief the court deems just and proper.

September 1, 2022                PATRICK HOWE LAW, APC

By: */s/ Patrick M. Howe*
Patrick M. Howe
Attorney for plaintiff United
Financial Casualty Company

## DEMAND FOR TRIAL BY JURY

UFCC demands a jury trial on all issues in this action.

September 1, 2022                PATRICK HOWE LAW, APC

By: */s/ Patrick M. Howe*
Patrick M. Howe
Attorney for plaintiff United
Financial Casualty Company