UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:22-cv-06258-JLS-MAR | Date: April 04, 2023 |
| Title:  United Financial Casualty Company v. DLJMK Inc. et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V. R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

The Court may raise the issue of subject matter jurisdiction at any time, *sua sponte*.  *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As the party invoking federal jurisdiction, the plaintiff has the burden of establishing subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  At the pleading stage, the burden must be met by pleading "a short and plain statement of the grounds for the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(1)(1).

Subject matter jurisdiction exists when an action arises under federal law or when there is complete diversity between the parties and the matter in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction arises where the controversy is between "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).  "In an action seeking declaratory relief regarding liability, the amount in controversy is the value of the underlying potential tort action."  *Navigators*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06258-JLS-MAR                                                          Date: April 04, 2023
Title:  United Financial Casualty Company v. DLJMK Inc. et al

*Specialty Ins. Co. v. Patrick*, 2012 WL 13012716, at *5 (C.D. Cal. Oct. 16, 2012) (citing *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).

"[T]he Ninth Circuit has not addressed the applicable legal standard for ascertaining the amount-in-controversy in actions for declaratory relief where . . . the amount in controversy is based on an underlying action in state court." *Century Sur. Co. v. J. Quinn Const.*, 2010 WL 330246, at *2 (C.D. Cal. Jan. 20, 2010).  But "[o]the circuits have recognized that such actions are analogous to removal from state to federal court." *Id*. (collecting cases from circuit courts of appeals).  Because an action for declaratory relief that concern an underlying state court action is analogous to removal of an action from state court, it is appropriate for the Court to apply the Ninth Circuit's standard for evaluating whether the amount-in-controversy requirement is met in removal cases.  *Id.*

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," and a defendant removes to federal court on the basis of diversity jurisdiction, courts in the Ninth Circuit apply a "preponderance of the evidence" standard.  *Guglielmo v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  Under that standard, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount.]" *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The defendant bears the burden and must provide evidence establishing that it is "more likely than not" that the amount in controversy crosses the jurisdictional threshold.  *Id.*

Additionally, "[t]he Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and 'controversies.'" *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 835 (9th Cir. 2012) (quoting U.S. Const. art. III, § 2).  "Ripeness is one component of the Article III case or controversy requirement.  The basic rationale of the ripeness requirement is to prevent the courts, through avoidance of premature

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06258-JLS-MAR　　　　　　　　　　　Date: April 04, 2023
Title: United Financial Casualty Company v. DLJMK Inc. et al

adjudication, from entangling themselves in abstract disagreements." *Id.* (cleaned up). "Where a plaintiff requests a declaratory judgment, a court must first determine 'whether there is an actual case or controversy within its jurisdiction,' and then decide whether to exercise its discretion to issue the judgment." *AMCO Ins. Co. v. W. Drug, Inc.*, 2008 WL 4368929, at *1 (D. Ariz. Sept. 24, 2008) (quoting *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 1996)). A case meets the ripeness requirement if "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Robinson*, 394 F.3d at 671 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

　　　Here, Plaintiff United Financial Casualty Company ("UFCC") seeks a declaratory judgment that it does not owe Defendants DLJMK Inc. and Bin Liu a duty to defend or indemnify them in a potential lawsuit brought by third-party plaintiff Min Wan. (See generally Compl., Doc. 1.) The Complaint alleges that an anticipated third-party plaintiff, "Min Wan, through an attorney, has notified [Plaintiff] UFCC that he is making a liability claim against [Defendants] DLJMK Inc. and Bin Liu." (Compl. ¶ 14, Doc. 1.) The Complaint does not state that Min Wan has initiated an action against the Defendants in this action, DLJMK Inc. and Bin Liu. Nor does the Complaint allege that it has received a tender of defense from either of the Defendants. Rather, the Complaint alleges a conclusion only; namely, that "an actual controversy exists between [Plaintiff] UFCC and each defendant" because UFCC contends that it has no obligation to indemnify or defend either defendant against Min Wang but "each defendant contends that UFCC does have such an obligation." (*Id.* ¶¶ 17, 20, 23.) Further, even though no underlying action appears to have been filed and no insurance claim has been presented to UFCC, the Complaint states in conclusory fashion and without factual support that diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06258-JLS-MAR                                                      Date: April 04, 2023
Title:  United Financial Casualty Company v. DLJMK Inc. et al

jurisdiction is available here because "the matter in controversy exceeds $75,000, exclusive of interest and costs." (*Id.* ¶ 1.)

In light of the foregoing and upon review of the record in this case, the Court concludes that dismissal of this action for lack of subject matter jurisdiction is appropriate on two distinct—though related—grounds.

First, the Court finds that UFCC has not shown that the amount-in-controversy requirement for diversity jurisdiction is met here.  As explained above, while UFCC is nominally the plaintiff in this declaratory relief action, for jurisdictional purposes, it carries the burden of a defendant in a removal action. UFCC's threadbare recitation that "the matter in controversy exceeds $75,000, exclusive of interest and costs" is insufficient as it alleges no facts to support the assertion.  The Complaint alleges only that the potential third-party plaintiff Wan was injured, but it does not allege the nature or severity of Wan's injuries or other facts that would allow UFCC and the Court to assume that the amount in controversy exceeds $75,000.  Indeed, because there is no underlying action in this case, neither UFCC nor the Court can determine "the value of the underlying potential tort action."  *Patrick*, 2012 WL 13012716, at *5.   Thus, UFCC has not shown—indeed, cannot show, at this stage—whether the amount-in-controversy requirement for diversity jurisdiction is met here.  That alone is sufficient grounds for dismissal for lack of subject matter jurisdiction.

Second, the Court finds that UFCC's demand for declaratory relief does not present a case or controversy that is ripe for adjudication.  Generally, a third party's failure to file an underlying lawsuit is not a categorical barrier to the maintenance of a declaratory judgment action by an insurer against its insured.  *See, e.g.*, *Firemen's Ins. Co. v. Kline & Son Cement Repair, Inc.*, 474 F. Supp. 2d 779, 786 (E.D. Va. 2007) (collecting cases).  "A substantial controversy may still exist where an injured party has asserted a claim against the insured, the insured has requested to be defended by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06258-JLS-MAR                                      Date: April 04, 2023
Title:  United Financial Casualty Company v. DLJMK Inc. et al

insurer, and the filing of a suit appears imminent or settlement negotiations are ongoing." *AMCO v. W. Drug, Inc.*, 2008 WL 4368929, at *2.  Yet "because the insurer's duty to defend initially depends on the allegations in a complaint, the case may not be ripe for review if the facts of the claim against the insured are not sufficiently clear and may change by the time suit is filed."  *Id.*

Here, the Complaint does not allege any facts showing that a lawsuit has been filed or is imminent.  Other than UFCC's conclusory allegation in the Complaint, there is no information in the record before the Court indicating that there is an actual controversy between Plaintiff and the Defendants.  Even if Wan's attorney has informed UFCC that Wan intends to file a claim for liability against the Defendants here, it does not appear that either of the Defendants has requested a defense.  UFCC brings before the Court a hypothetical lawsuit that could result in a hypothetical request for a defense, but not an actual controversy.  *Cf. Union Ins. Co. v. Soleil Grp., Inc.*, 465 F. Supp. 2d 567, 575 (D.S.C. 2006) ("[A]ny attempt by this court to determine Plaintiff's duty without the benefit of an underlying complaint is impermissible due to the absence of a justiciable controversy.")  Thus, the Court finds that it lacks subject matter jurisdiction because UFCC's Complaint does not present a case ripe for adjudication.

For the foregoing reasons, the Court DISMISSES this action for lack of subject matter jurisdiction without prejudice to the filing of a complaint seeking declaratory relief in an appropriate court if and when it can present a case or controversy ripe for adjudication.

                                  Initials of Deputy Clerk: vrv